## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **SKELFORD SCOTLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-00080** |
| | ) | |
| **HEAVY MATERIALS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**APPEARANCES:**

**Ryan W. Greene**
St. Thomas, U.S.V.I.
  *For Skelford Scotland,*

**Alex M Moskowitz**
Dudley Newman Feuerzeig LLP
St. Thomas, U.S.V.I.
  *For Heavy Materials, LLC.*

## <u>MEMORANDUM OPINION</u>

**MOLLOY, J.**

  **BEFORE THE COURT** is Defendant Heavy Materials, LLC's Motion to Dismiss for failure to state a claim. (ECF No. 7.) For the reasons outlined below, the Court will grant that motion.

### I. FACTUAL AND PROCEDURAL HISTORY

  Skelford Scotland ("Scotland") was a long-time employee of Heavy Materials, LLC ("Heavy Materials") as a welder. Scotland was a member of the United Steel Workers Local Union 8249 which has a collective bargaining agreement with Heavy Materials.

  On October 15, 2017, Heavy Materials terminated Scotland's employment. Another welder with less seniority, Nyron William ("William"), was placed in Scotland's position with Heavy Materials. Thereafter, Scotland filed a grievance with his union, the United Steel Workers Local Union 8249. At the time Scotland was terminated, William was not a shop steward for the United Steel Workers Local Union 8249. However, at some time after

Scotland was terminated, William was identified as a shop steward by the United Steel Workers Local Union 8249.

On September 20, 2019, Scotland filed a complaint against Heavy Materials pursuant to 29 U.S.C. § 185 alleging that he was terminated without just cause, without an appropriate plan for reduction of the workforce, and without receiving his seniority rights in accordance with the applicable collective bargaining agreement. (ECF No. 1.)

On November 20, 2019, Heavy Materials filed a motion to dismiss Scotland's complaint for failure to state a claim. (ECF No. 7.) In its motion, Heavy Materials argues that Scotland has failed to state a claim for relief because an action pursuant to 29 U.S.C. § 185 is subject to a six-month statute of limitations.

On December 19, 2019, Scotland filed a response to Heavy Materials' motion. (ECF No. 8.) In his response, Scotland conceded that he has no opposition to Heavy Materials' motion to dismiss.

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

*Scotland v. Heavy Materials, LLC*
Case No. 3:19-cv-00080
Memorandum Opinion
Page 3 of 4

A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, … 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

Heavy Materials argues that Scotland's complaint should be dismissed for failure to state a claim because an action pursuant to 29 U.S.C. § 185 is subject to a six-month statute of limitations.

Ordinarily, a statute of limitations defense must be raised in an answer, not a motion pursuant to Fed. R. Civ. P. 12(b). *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Nevertheless, the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Significantly, a claim brought by an employee against an employer for violations of a collective bargaining agreement pursuant to Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, is subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). "[T]he employee's claim on the employer's alleged breach of the collective

bargaining agreement is tolled until it was or should have been clear to the employee that the union would not pursue the grievance." *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 261 (3d Cir. 1990).

Here, Scotland alleges Heavy Materials terminated him on October 15, 2017, without just cause, without an appropriate plan for reduction of the workforce, and without receiving his seniority rights in accordance with the applicable collective bargaining agreement. Scotland filed the complaint in this matter on September 20, 2019, over 23 months after his claims for breach of the collective bargaining agreement arose. As such, unless the limitations period was sufficiently tolled, Scotland's claim is barred by the six-month statute of limitations. It is unclear from the complaint the date on which it was or should have been clear to Scotland that United Steel Workers Local Union 8249 would not pursue his grievance. Nevertheless, Scotland does not argue that statute of limitations on his claims for breach of the collective bargaining agreement should be tolled. Indeed, Scotland concedes that he has no opposition to Heavy Materials' argument that his claim must be dismissed as barred by the applicable statute of limitations. Thus, the Court concludes Scotland's statement of a claim shows that his cause of action has not been brought within the applicable six-month statute of limitations. As such, the Court will dismiss this case. An appropriate judgment follows.

**Dated:** March 8, 2021                    */s/ Robert A. Molloy*
                                        **ROBERT A. MOLLOY**
                                        **District Judge**